```
       IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

          MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION



JAMES DAVIS,                     )
                                 )
     Plaintiff,                  )
                                 )     CIVIL ACTION NO.
     v.                          )        2:05cv860-T
                                 )           (WO)
METRO GOLDWYN-MAYERS             )
PICTURES, et al.,                )
                                 )
     Defendants.                 )
```

OPINION AND ORDER

Plaintiff James Davis brought this lawsuit against numerous defendants, including Metro-Goldwyn-Mayers Pictures Inc., Metro-Goldwyn-Mayers Distribution Co., State Street Pictures, Cube Vision Production, O'Shea Jackson a/k/a/ Ice Cube, Mark Brown, Don D. Scott, Marshall Todd, Matt Alvarez, Larry Kennar, George Tillman Jr., and Robert Teitel. Davis charged these defendants

with copyright infringement as well as state-law claims bases on tort and contract.

This cause is now before the court on the defendants' motion to dismiss certain defendants for lack of personal jurisdiction and to transfer venue or, in the alternative, to dismiss all claims for failure to state a claim upon which relief can be granted.  Also pending are Davis's motions for leave to conduct discovery on the issues of jurisdiction and venue and to join as additional defendants Showtime Networks, Inc. and MGM Television Networks, Inc.  For the reasons that follow, the defendants' motion will be granted as to the transfer of venue.

I.

The facts according to Davis are that he wrote a screenplay called "The Shop." He gained a copyright for this work in August 1999.  He then began to solicit various movie companies and entertainers to secure a movie

production deal.  In 2002, Metro-Goldwyn-Mayer Pictures Inc. began promoting the movie "Barbershop" which utilized Davis's screenplay without Davis's permission and without any compensation to Davis.

II.

There are several motions pending before this court. As a general rule, courts should address jurisdictional issues, such as challenges to personal jurisdiction, before reaching the merits of a plaintiff's claims. See e.g., Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 941 (11th Cir. 1997)(citing Madara v. Hall, 916 F.2d 1510, 1513-14 & n.1 (11th Cir. 1990).  This is logical because "[a] court without personal jurisdiction is powerless to take further action." Posner v. Essex Insurance Co., Ltd., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999).  However, here, the parties do not contest that this court has personal jurisdiction over two of the defendants--Metro-Goldwyn-Mayers Pictures Inc. and

Metro-Goldwyn-Mayers Distribution Co.; rather, the jurisdictional dispute involves the remaining ten defendants. Because this court has jurisdiction over some of the defendants and because "a transfer of venue in this case would obviate the need to reach the merits of [the outstanding motions to dismiss, conduct discovery, and join additional defendants], the court will first consider the defendants' transfer motion[]." C.M.B. Foods, Inc. v. Corral of Middle, Georgia, 396 F. Supp. 2d 1283, 1288 n.14 (M.D. Ala. 2005)(Thompson, J.).

A. Venue Transfer Standard

28 U.S.C. § 1404(a) authorizes a district court to transfer a civil action to any other district in which it might have been brought "for the convenience of parties and witnesses, in the interest of justice." Because federal courts normally afford deference to a plaintiff's choice of forum on a § 1404 motion, the burden is on the movant to show that the suggested forum is more convenient

or that litigation there would be in the interest of justice. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). A court, however, has "broad discretion in weighing the conflicting arguments as to venue," England v. ITT Thompson Industries, Inc., 856 F.2d 1518, 1520 (11th Cir. 1988); it must engage in an "individualized, case-by-case consideration of convenience and fairness." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). A court may properly transfer a case to "the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be '[easiest, and] most expeditious and inexpensive.'" Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. July 13, 1981) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).[1]

---

1. In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

B. Discussion

In resolving a § 1404(a) motion, the court must determine, first, whether the action could "originally have been brought in the proposed transferee district court," and second, whether the action should be transferred "for the convenience of the parties [and] in the interest of justice." Folkes v. Haley, 64 F. Supp. 2d 1152, 1155 (M.D. Ala. 1999) (DeMent, J.).

i. Propriety of transferee district

The threshold inquiry is whether the action originally "might have been brought" in the transferee district. 28 U.S.C. § 1404(a). Pursuant to 28 U.S.C. § 1400(a), a suit alleging a violation of the Copyright Act, 17 U.S.C. § 501, may be brought in any district "in which the defendant or his agent resides or may be found." "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer

v. Eldon Braun, 376 F.3d 1254, 1259 (11th Cir. 2004). All of the parties are subject to personal jurisdiction in the transferee forum of the Central District of California because they all either reside, have a principal place of business, or may be served there.[2]

### ii. Balance of justice and convenience

The court is now obligated to decide whether the balance of justice and convenience favors transfer. To guide this determination, courts "generally consider the following factors: the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the

---

2. Complaint ¶¶ 4-12; see also defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), transfer pursuant to 28 U.S.C. § 1404(a), or, in the alternative, dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 16), declarations of Jackson at ¶ 2, Brown at ¶ 2, Scott at ¶ 2, Todd at ¶ 2, Alvarez at ¶ 2, Kennar at ¶ 2, Tillman at ¶ 2, Teital at ¶ 2, and Bader at ¶ 2.

financial ability to bear the cost of the change; and trial efficiency." Lasalle Bank N.A. v. Mobile Hotel Props., LLC, 274 F. Supp. 2d 1293, 1301 (S.D. Ala. 2003) (Granade, J.) (quoting Holmes v. Freightliner, L.L.C., 237 F.Supp. 2d 690, 692 (M.D. Ala. 2002) (Albritton, C.J.). "[A]n [additional] important consideration in deciding appropriate venue is whether a forum can meet the personal jurisdiction and venue requirements for most or all of the defendants." Home Insurance Co. v. Thomas Industries, Inc., 896 F.2d 1352, 1358 (11th Cir. 1990) (quoting DeLong Equipment Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 857 (11th Cir. 1988)).

While the court recognizes that Davis resides in Montgomery County, Alabama, and the court therefore affords great deference to his choice of forum in the Middle District of Alabama, it is also significant that he is the sole party and witness located in this forum. As already stated, the 12 other parties reside or maintain offices in the Central District of California, as do the

majority of the defendants' witnesses that can attest to the creation and production of "Barbershop". Moreover, all of Davis's witnesses are located in Georgia. Accordingly, it is unclear which, if any, of the proposed witnesses will be subject to compulsory process in the Middle District of Alabama, but it is certain that most of the defendants' witnesses will be subject to compulsory process in the Central District of California. Because Davis is the only party and witness in Alabama, the convenience of the parties and witnesses, as well as the availability of compulsory process, weighs in favor of transfer.

The location of relevant documents also weighs in favor of transfer. The files of all the defendants regarding "Barbershop" are kept in California. Although Davis does not address this factor, the court assumes he has relevant documents as well, including his copyrighted work. Nevertheless, it seems evident that many more documents are located in California. Further, to the

extent that non-party witnesses have documents, the ability to compel these documents increases in California courts where more witnesses are subject to process.

In contrast, the difference in the parties' financial ability to bear the cost of a change in venue is a significant factor in favor of retaining venue in Alabama. This is particularly true in light of Davis's representation that the costs of moving this case the great distance to California may well be cost prohibitive and result in his inability to prosecute his claims. Nevertheless, Davis cannot carry the day on the basis of his relatively meager finances where the convenience of the parties and witnesses otherwise so strongly favors transfer. Moreover, the costs of litigating the personal-jurisdiction issue (including conducting discovery and legal research) were this court to deny transfer would greatly add to the litigation cost.

Finally, trial efficiency weighs in favor of transfer. One important element in trial efficiency is finding a

forum where personal jurisdiction and venue are proper for most or all of the defendants. While the court has analyzed all the previous factors, which alone favor transfer (assuming that the defendants were subject to personal jurisdiction and venue in Alabama), the court notes that the propriety of personal jurisdiction for the vast majority of defendants in this court is questionable.[3]

There are two types of personal jurisdiction: general and specific. Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 414-15 nn.8 & 9, (1984). General jurisdiction arises when a party has "systematic and continuous" contacts with the forum state unrelated to the litigation. Id. at 416. Specific jurisdiction derives

---

3. The due process clause of the Fourteenth Amendment requires, among other things, that the defendants have "certain minimum contacts" with a forum state before a court in that state is able to properly assert personal jurisdiction over them. Burnham v. Superior Court of California, County of Marin, 495 U.S. 604, 618 (1990); (quoting International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 316 (1945)).

from forum contacts related to the cause of action.  Id. at 414 n. 8.  It is not clear which theory of jurisdiction Davis asserts.  However, the court has concerns that Davis can establish either type of jurisdiction.

In his complaint, Davis charges that the ten defendants disputing personal jurisdiction here are subject to the jurisdiction of this court because they conducted substantial business and committed tortious conduct within this judicial district.[4]  The complaint does not reveal what particular contacts the defendants had with Alabama that support Davis's rather vague assertion that the defendants engaged in business and tortious activities here.

The ten defendants moving for their dismissal under F. Rule of Civ. P. 12(b)(2) submitted declarations that they do not reside, maintain offices, conduct any business, or own any property in Alabama, nor are they registered to do business here, with the sole exception

---

4. Complaint ¶¶ 4-12.

that defendant Todd once lived in Alabama from 1982 to 1984.[5]  They further deny any involvement in the distribution of "Barbershop" in Alabama or elsewhere.[6]

When personal jurisdiction is disputed, the court "must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant[s'] affidavits."  <u>Madara v. Hall</u>, 916 F.2d 1510, 1514 (11th Cir.1990).  Because the defendants filed affidavits challenging jurisdiction, the plaintiff bears the burden of producing competent evidence proving jurisdiction in response.  <u>Posner v. Essex Ins. Co., LTD</u>, 178 F.3d 1209, 1214 (11th Cir. 1999); <u>C.M.B. Foods, Inc. v. Corral of Middle, Georgia</u>, 396 F. Supp. 2d 1283, 1288 n.14 (M.D.

---

5. Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), transfer pursuant to 28 U.S.C. § 1404(a), or, in the alternative, dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 16), declarations of Jackson at ¶ 3, Brown at ¶ 3, Scott at ¶ 2, Todd at ¶ 2, Alvarez at ¶ 3, Kennar at ¶ 2, Tillman at ¶ 3, Teital at ¶ 3.

6. <u>Id</u>., declarations of Jackson at ¶ 4, Brown at ¶ 3, Scott at ¶ 3, Todd at ¶ 3, Alvarez at ¶ 4, Kennar at ¶ 3, Tillman at ¶ 4, Teital at ¶ 4.

Ala. 2005)(Thompson, J.).  Davis has not responded, as required, with competent evidence proving personal jurisdiction.  Instead, Davis requests leave to conduct discovery on the issues of personal jurisdiction and venue in this court and in the Northern District of Georgia.

Th Eleventh Circuit Court of Appeals has recognized a qualified right to conduct jurisdictional discovery. Posner, 178 F.3d at 1214 n.7 (citing Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 729-31 (11th Cir.1982)). However, the rationale for the qualified right to discovery is distinguishable from the case at bar.  As Eaton explains, this qualified right is based on the proposition that it is premature to dismiss a case in its entirely for lack of subject matter jurisdiction before giving the plaintiff an opportunity to develop the facts necessary to support jurisdiction. Eaton 692 F.2d at 731. Here, the court is not dismissing this case or any of its defendants for that matter.  Instead, it is finding that it is more efficient to transfer this action to a

14

jurisdiction where all 12 defendants are subject to personal jurisdiction and venue rather than to engage in potentially extensive and expensive discovery to determine whether there is a basis for jurisdiction over ten of those defendants here in Alabama or over all 12 of them in Georgia.

Therefore, the court concludes that the convenience of the parties and witnesses, the availability of compulsory process for witnesses, and the location of relevant documents, all establish that it is easier, more efficient, and cheaper to transfer this case. Moreover, transferring this action to a jurisdiction where jurisdiction and venue are already known to be appropriate rather than prolonging this litigation to conduct discovery on the propriety of hearing this matter here or in Georgia appropriately safeguards against "expend[ing] significant judicial resources in further addressing an issue collateral to the merits of the underlying dispute and which could be challenged on appeal." C.M.B. Foods,

15

Inc. v. Corral of Middle, Georgia, 396 F. Supp. 2d 1283, 1288 n.14 (M.D. Ala. 2005) (Thompson, J.)(internal quotation omitted).

III.

For the above reasons, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), transfer pursuant to 28 U.S.C. § 1404(a), or, in the alternative, dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 16) is granted as to the transfer of venue.

(2) This lawsuit is transferred in its entirety to the United States District Court for the Central District of California.

Any other pending motions are left for resolution after transfer.

The clerk of the court is DIRECTED to take appropriate steps to effect the transfer.

DONE, this the 27th day of March, 2007.

                                                  /s/ Myron H. Thompson  
                                          **UNITED STATES DISTRICT JUDGE**